# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 4, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SARAH BAKER and SCOTT BAKER, | * | |
| as the legal representatives of the | * | |
| estate of their deceased daughter, C.B., | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 19-1327V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Curtis R. Webb, Monmouth, OR, for Petitioners.
Mark K. Hellie, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEY'S FEES AND COSTS[1]

On August 30, 2019, Sarah Baker and Scott Baker ("Petitioners"), as legal representatives of the estate of their daughter, C.B., deceased, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of the Hepatitis B vaccine C.B. received on May 24, 2017, C.B. developed apnea, bradycardia, and cardiorespiratory arrest and passed away on September 8, 2017.  Petition at 2-5 (ECF No. 1).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 16, 2022, Petitioners filed a motion for interim attorney's fees and costs, requesting compensation for the attorney who worked on their case, costs associated with litigation, and expert fees. Petitioners' Motion for Interim Attorney's Fees and Costs ("Pet. Mot."), filed June 16, 2022 (ECF No. 54). Petitioners' request can be summarized as follows:

**Attorney's Fees** – $105,994.40
**Attorney's Costs** – $2,525.86
**Expert Fees –** $114,536.00

Petitioners thus request a total of $223,056.26. Respondent filed his response on June 28, 2022, stating that he "respectfully requests that the Court exercise its discretion and determine a reasonable award of attorney's fees and costs." Respondent's Response to Pet. Mot. ("Resp. Response"), filed June 28, 2022, at 4 (ECF No. 56).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioners' motion and awards **$200,149.06** in attorney's fees and costs.

## I.      DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorney's fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The instant claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where there are significant expert fees to be paid.

### A.      Reasonable Attorney's Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioners notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioners' fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

Here, Petitioners request the following hourly rates for the attorney and paralegal who worked on this matter:

**Mr. Curtis Webb – Attorney**
    2018: $430.00
    2019: $440.00
    2020: $458.50
    2021: $482.00
    2022: $497.50

**Mr. Alexander Webb – Paralegal**
    2019: $135.00
    2020: $145.00
    2021: $155.00

The undersigned finds that the requested rates for 2018-2021 are reasonable and in accordance with what this attorney has previously been awarded for his Vaccine Program work. See, e.g., Fuller ex rel. B.F. v. Sec'y of Health & Hum. Servs., No. 15-1470V, 2019 WL 4648907, at *5 (Fed. Cl. Spec. Mstr. Aug. 26, 2019) (awarding $440.00 per hour for work performed in 2018 and 2019); Rodela v. Sec'y of Health & Hum. Servs., No. 17-236V, 2020 WL 583841, at *2 (Fed. Cl. Spec. Mstr. Jan. 10, 2020) (awarding $440.00 per hour for work performed in 2018 and 2019); Sharpe v. Sec'y of Health & Hum. Servs., No. 14-065V, 2021 WL 2917247, *3 (Fed. Cl. Spec. Mstr. June 10, 2021) (awarding $458.50 per hour and $482.00 per

hour in 2020 and 2021, respectively).  These rates also align with what the undersigned has approved for Mr. Webb's services in the past.  See, e.g., Jackson v. Sec'y of Health & Hum. Servs., No. 17-682V, 2018 WL 4517497 (Fed. Cl. Spec. Mstr. June 19, 2018); Kochman v. Sec'y of Health & Hum. Servs., No. 17-491V, 2018 WL 4391047 (Fed. Cl. Spec. Mstr. May 15, 2018); Anklam v. Sec'y of Health & Hum. Servs., No. 17-2061V, 2020 WL 4049310, *2-3 (Fed. Cl. Spec. Mstr. June 25, 2020).  The undersigned will therefore award the rates requested.

Mr. Webb proposed that his 2022 hourly rate be increased to $497.50, which represents a $15.50 per hour increase from his prior 2021 rate.  See Pet. Mot. at 2.  The undersigned finds the proposed rate reasonable, as it remains consistent with the rates reflected in the Office of Special Master's Attorneys' Forum Hourly Rate Fee Schedule for an attorney of counsel's experience.[3]  Moreover, the undersigned finds the amount of the increase to be reasonable in consideration of counsel's increased experience and quality of work as well as increases in the cost of legal services generally.  Thus, the undersigned awards Mr. Webb a rate of $497.50 per hour for work performed in 2022.  Additionally, Petitioners' proposed hourly rate for their counsel's paralegal, Alexander Webb, falls within the guidance of the Office of Special Master's Attorneys' Forum Hourly Rate Fee Schedule.  Therefore, the undersigned will grant the requested rates.

Petitioners' counsel requests compensation for 1.8 hours for 2018, 45.9 hours for 2019, 24.6 hours for 2020, 132.9 hours for 2021, and 10.4 hours for 2022.  Pet. Mot. at 2.  Petitioners' counsel also requests compensation for 2 hours for 2019, 5 hours for 2020, and 22.7 hours for 2021 for Petitioners' counsel's paralegal.  Id.  After reviewing the billing records submitted, the undersigned determines that the hours billed by Mr. Webb and Mr. Webb's paralegal are reasonable.  Therefore, the undersigned will award the fees requested in full.

### B.    Attorney's Costs

#### 1.    Expert Fees

For the services of their medical expert, Dr. Robert Shuman, Petitioners request $114,536.00.  This total was calculated based on 286.34 hours of work at a rate of $400.00 per hour primarily completed between August 20, 2021 and October 13, 2021.[4]  Pet. Mot., Exhibit ("Ex.") C at 1-4.  Dr. Shuman provided a lengthy report and a long chronology of the events of this case.  Pet. Exs. 21-22.  Dr. Shuman has provided export reports in the Vaccine Program for over two decades.  See Kuperus v. Sec'y of Health & Hum. Servs., No. 01-0060V, 2006 WL 3499516 (Fed. Cl. Spec. Mstr. Nov. 17, 2006).  His qualifications support a rate of $400.00 an hour.  See Pet. Ex. 23.  Additionally, his rate of $400.00 per hour of work has been approved in other cases.  See, e.g., Rodela, 2020 WL 583841, at *3; Sharpe v. Sec'y of Health & Hum.

---

[3] The 2022 Fee Schedule can be accessed at:

http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.

[4] Records submitted by Petitioners show that Dr. Shuman spent a total of 9.25 hours in February 2021 reviewing the medical files in this case and did not resume work on the case until August 20, 2021.  Pet. Mot., Ex. C at 1.

Servs., No. 14-065V, 2018 WL 3990867, at *3 (Fed. Cl. Spec. Mstr. July 6, 2018).  Therefore, the undersigned will award the rate requested.

The billing records of Dr. Shuman, however, are documented in a block-billing format and are vague in the descriptions of the work completed.  Further, Dr. Shuman's time appears excessive.  Pet. Mot., Ex. C at 1-4.  For example, on September 18, 2021, Dr. Shuman billed for 9.5 hours and lists 8 items.  Id. at 3.  From the record, four of these items can be identified: "Jmaa," "Clifford," "Eichenwald," and "Lee."  Pet. Exs. 27-28, 30, 32.  Those four exhibits amount to 26 pages of exhibits submitted as medical literature.  Pet. Exs. 27-28, 30, 32.  Unfortunately, the record does not appear to contain articles by "Dab," "Omenara," and "Poets 1&2."  Pet. Mot., Ex. C at 3.  Presumably Dr. Shuman spent this time reading and highlighting the articles; however, this sort of time appears excessive.

As another example, on October 1, 2021, Dr. Shuman billed for 9.5 hours of work on "Govt/FDA pronouncements; Hx of AOP/AOI; Pfister & Flatz, Jequir, Flein, Clifford; Pourcyrous."  Pet. Mot., Ex. C at 3.  There is no way for the undersigned to fully weigh the work completed during that time without a better description of the work completed.

Dr. Shuman has been warned of block-billing practices, vague billing, and excessive billing in numerous cases.  See, e.g., Rodela, 2020 WL 583841, at *3 n.5 (warning against block-billing practices); Sharpe, 2018 WL 3990867, at *3 (warning against block-billing and reducing fees by $5,750.00); Loving v. Sec'y of Health & Hum. Servs., No. 02-469V, 2015 WL 10579257, at *13-16 (Fed. Cl. Spec. Mstr. Dec. 15, 2015) (reducing fees by one-third); Nuttall v. Sec'y of Health & Hum. Servs., No. 07-810V, 2014 WL 643584, at *5-7 (Fed. Cl. Spec. Mstr. Jan. 23, 2014) (reducing fees by five percent); Kuperus, 2006 WL 3499516, at *5-6 (reducing total fees by $2,100.00).  In all but one of those cases, Dr. Shuman had his expert fees reduced by up to one third for vague descriptions, block billing, and excessive billing.  See Rodela, 2020 WL 583841, at *3 n.5.  In this case, the undersigned has determined that it is reasonable to reduce the awarded fees by 20%.  This reduction results in an awarded expert fee of $91,628.80.  Further, the reduced balance is reasonable and appropriate given the expert reports and chronology issued by Dr. Shuman.

### 2.  Miscellaneous Costs

Petitioners also request an award for costs associated with litigation.  Pet. Mot. at 2.  In total, Petitioners request $2,525.86 in associated litigation costs including costs to obtain medical records, medical articles, and to cover the filing fee.  Id.  Petitioners have provided documentation to support these costs[5] and the undersigned will award them in full.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

---

[5] Petitioners did not include a copy of their filing fee receipt; however, it was verified in the electronic docket.

| | |
|---|---|
| Requested Attorney's Fees: | $ 105,994.40 |
| Reduction of Attorney's Fees | - ($ 0.00) |
| Awarded Attorney's Fees: | $ 105,994.40 |
| | |
| Requested Attorney's Costs: | $ 2,525.86 |
| Reduction of Attorney's Costs: | - ($ 0.00) |
| Awarded Attorney's Costs: | $ 2,525.86 |
| | |
| Requested Expert Fees: | $ 114,536.00 |
| Reduction of Expert Fees: | - ($ 22,907.20) |
| Awarded Expert Fees: | $ 91,628.80 |
| | |
| **Total Interim Attorney's Fees and Costs:** | **$200,149.06** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $200,149.06 representing reimbursement for reasonable interim attorney's fees and costs, in the form of a check payable jointly to Petitioners and Petitioners' counsel of record, Mr. Curtis Webb.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

**IT IS SO ORDERED.**

*/s/* **Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.